United States District Court
Southern District of Texas
**ENTERED**
August 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRIS OKECHUKWU EGBUNA, | § | |
| TDCJ # 1743108, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-16-2238 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | | |

## MEMORANDUM AND ORDER

The petitioner, Chris Okechukwu Egbuna, TDCJ #1743108, ("Petitioner"), seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. For the reasons that follow, his petition will be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d).

### I. BACKGROUND AND PROCEDURAL HISTORY

According to the petition, on October 3, 2011, Petitioner pled guilty to aggravated assault in the 240th Judicial District Court of Fort Bend County, Texas and was sentenced to 11 years and 6 months in prison. Docket Entry No. 1 at 2-3.

Petitioner indicates that he did not challenge his conviction on direct appeal. *See id.* at 3. Petitioner reports that he filed his state application for habeas corpus on July 1, 2013, and that the application was denied without written order by the Texas Court of Criminal Appeals on July 17, 2013. *Id.* at 3-4.

In a federal petition that is dated July 21, 2016, Petitioner now seeks a writ of habeas corpus to challenge his conviction under 28 U.S.C. § 2254. Docket Entry No. 1. In that petition, Petitioner raises claims regarding ineffective assistance of counsel. *See id.* at 6-7. The Court

finds that Petitioner's petition is subject to dismissal because it is barred by the applicable one-year statute of limitations.

## II.  THE ONE-YEAR STATUTE OF LIMITATIONS

This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). According to the AEDPA, Petitioner's federal habeas corpus petition is subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because Petitioner challenges a state court judgment of conviction, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner's direct review concluded and his conviction became final for the purposes of federal habeas corpus review on November 2, 2011, when the time to file an appeal expired. The one-year statute of limitations began to run on that date for purposes of 28 U.S.C. §2244(d)(1)(A). Petitioner's pending federal habeas corpus petition, filed on July 21, 2016, is well outside the limitations period and is therefore time-barred unless an exception applies.

The statute of limitations is tolled for the time during which a properly filed application for habeas corpus or other collateral relief is pending in the state courts. *See* 28 U.S.C. §2244(d)(2). Petitioner's July 2013 state habeas corpus application, filed well outside the limitations period, does not toll the statute of limitations for purposes of 28 U.S.C. § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). More than four years have elapsed since Petitioner's case became final.

The form petition executed by Petitioner advised him of the one-year statute of

limitations found in the AEDPA, setting out 28 U.S.C. § 2244(d) in full, and asked him to explain why his petition was not time barred. Docket Entry No. 1 at 9. Petitioner did not reply, nor did he give any justification why this case should be tolled for statutory or equitable reasons. Petitioner does not allege a newly recognized constitutional right upon which the petition is based; nor does he allege a factual predicate for the claim that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C),(D). Accordingly, the Court finds that Petitioner has not stated a basis for tolling the limitations period, and therefore this case is barred by the one-year statute of limitations under the AEDPA.

### III. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV.    ORDER

Based on the foregoing, it is hereby

**ORDERED** that Petitioner Chris Okechukwu Egbuna's petition is **DISMISSED** with prejudice as barred by the one-year statute of limitations; it is further

**ORDERED** that a certificate of appealability is **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this 29th day of July, 2016.

                                              MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE